FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JUN 02 2016   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

VIS VIRES GROUP, INC.

Plaintiff,

-against-

WISDOM HOMES OF AMERICA, INC.,

Defendants.

----------------------------------------------------------- x

Civil Action No.:

**CV-16 2828**

**BIANCO, J.**

**TOMLINSON, M**

## COMPLAINT

Plaintiff, VIS VIRES GROUP, INC. ("Vis Vires"), files this Complaint and alleges the following:

### I. SUMMARY

1.      Vis Vires brings this action for breach of contract and damages caused by violations of the antifraud provisions of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5(b) thereunder by WISDOM HOMES OF AMERICA, INC. ("the Defendant").   Through this action, Vis Vires seeks to recover losses caused by the Defendant's intentional and/or reckless misconduct, including compensatory damages, which losses only can only be avoided if the relief described herein below is granted.

2.      That Vis Vires was an investor in the Defendant and was well-known to the Defendant.   Vis Vires's business strategy at the time of the stock purchases and loans and issuance of notes at issue was to invest in publicly-traded, nano-cap companies whose securities are traded on the Over the Counter Bulletin Board, OTCQB and the "Pink Sheets."   Nano-cap companies, such as the Defendant, are often capital-constrained, as their low market

capitalization hinders their access to banks or investment firms.  Vis Vires provides capital to such companies, as an investment in return for shares purchased at a discount to market price.

3.     That Vis Vires invested a total of $187,000 in the Defendant by purchasing securities directly from the Defendant and making loans thereto, and has sustained damages of $223,000 exclusive of attorney's fees, pre judgment interest, costs and late fees.

## II.     JURISDICTION AND VENUE

4.     This action arises under the anti-fraud provisions of the Securities Exchange Act of 1934 (15 U.S.C. §78j(b)), and Securities and Exchange Commission Rule 10b-5 (17 C.F.R. §240.10b-5). The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and Section 27 of the Exchange Act (15 U.S.C. § 78aa). Defendant, directly and indirectly, singly or in concert, made use of the means and instrumentalities of interstate commerce, the means and instruments of transportation and communication in interstate commerce, or of the mails in connection with the acts, practices and courses of conduct alleged in this Complaint, certain of which occurred within the Eastern District of New York.  Jurisdiction is also invoked because there is complete diversity between the parties and more than $75,000 is claimed.

5.     Venue is proper in this court pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1391(b), because certain of the transactions, acts, practices, and courses of conduct constituting violations of duties established by the Federal Securities Laws occurred within this judicial district.  Additionally, Vis Vires transacts business and maintains its principal place of business in this district. That further, the Defendant has contractually agreed with Vis Vires to fix venue for any action in the State of New York, County of Nassau, which is within the Eastern District and the jurisdiction of this Court.

6.     That in connection with the acts alleged in this Complaint, the Defendant directly or indirectly used the means and instrumentalities of interstate commerce, including, but not

limited to, the mails, interstate telephone communications and the facilities of the national securities markets.

### III. PARTIES

7.      That at all times relevant herein, Vis Vires has been and remains a corporation organized and existing under the laws of the State of New York with an office for business in the County of Nassau, not engaged in the banking business, and therefore is a citizen of the State of New York.

8.      That at all times relevant herein, the Defendant has been and remains a corporation organized and existing under the laws of the State of Nevada, within an office for business in the State of Texas and is therefore a citizen of Nevada.

9.      That at all times relevant herein, more than $75,000 is at issue, such that diversity jurisdiction exists.

### IV.      FACTUAL ALLEGATIONS

10.      That heretofore and from time to time, the Defendant has made material misrepresentations of fact to Vis Vires, knowing that such misrepresentations were false, and upon which Vis Vires relied and was damaged.

11.      That as a result of these material misrepresentations, Vis Vires invested $187,000 in the Defendant and sustained damages thereby.

### AS AND FOR A FIRST CAUSE OF ACTION
### PROMISSORY NOTES DEFAULTS

12.      Vis Vires repeats and realleges each and every allegation contained in paragraphs 1 through 11 of this Complaint with the same force and effect as if fully set forth at length herein.

13.     That on or about April 6, 2015, the Defendant, as borrower, made, executed and delivered to Vis Vires a convertible promissory note ("the April 6 Note") in the amount of $90,000, which Note was issued pursuant to a Securities Purchase Agreement ("the April 6 Agreement") of even date, which provided for certain issuance of, and conversion rights in and to the common stock of the Defendant.

14.     That on April 29, 2015 the Defendant, as borrower, made, executed and delivered to Vis Vires a convertible promissory note ("the April 29 Note") in the amount of $53,500, which Note was issued pursuant to a Securities Purchase Agreement ("the April 29 Agreement") of even date, which provided for certain issuance of, and conversion rights in and to the common stock of the Defendant.

15.     That on June 8, 2015, the Defendant, as borrower, made, executed and delivered to Vis Vires a convertible promissory note ("the June Note") in the amount of $43,500, which Note was issued pursuant to a Securities Purchase Agreement ("the June Agreement") of even date, which provided for certain issuance of, and conversion rights in and to the common stock of the Defendant.

16.     That the Agreements between the parties provided that venue for any action between the parties would be the State of New York, County of Nassau pursuant to §4.6 of the Convertible Promissory Notes and §5 of the Securities Purchase Agreements.

17.     That the maturity date for all three Notes and all three Securities Purchase Agreement have come and gone, and the amounts payable thereunder are due, and yet no amount has been paid, despite due demand for payment.

4

18.     That the amount due for principal under the April 6, 2015 Note and Agreement is $52,010.00 representing the original amount due less reductions for conversion of a portion of the debt into stock pursuant to the terms of the Note and Agreement.

19.     That the amount due for principal due under the April 29, 2015 Note and Agreement is $53,500.00 since no conversions could be conducted due to the Defendant's failure to maintain sufficient shares and reserve to permit the conversion process to go forward, in violation of the Note.

20.     That the amount due for principal due under the June 8, 2015 Note and Agreement is $43,500.00 since no conversions could be conducted due to the Defendant's failure to maintain sufficient shares and reserve to permit the conversion process to go forward, in violation of the Note.

21.     That the total amounts due for the three Notes and three Securities Purchase Agreements is $149,010.00 in the aggregate.

22.     That because the defendant has not cured these defaults, the amount of principal due is increased by 100% as expressly provided for in the Notes and Agreements.

23.     That as a result of principal due is $298,020.00 and plaintiff demands judgment for that sum.

24.     That copies of Notices of Default that were served upon the Defendant on or about June 1, 2016 are annexed hereto and made a part hereof.

**AS AND FOR A SECOND CAUSE OF ACTION**
**BREACH OF CONTRACT – LOST PROFITS**

25.     Vis Vires repeats and realleges each and every allegation contained in paragraphs 1 through 24 of this Complaint with the same force and effect as if fully set forth at length herein.

26.     That as a direct result of the defaults of the Defendant and its failure to abide by its contractual obligations, Vis Vires has been deprived of, and continues to be deprived of, the opportunity to acquire and to sell the common stock of the Defendant at a profit, which profits have been irretrievably lost as the markets for the common stock can no longer be recreated.

27.     That by reason of the foregoing, Vis Vires is entitled to judgment in an amount to be determined by the Court and equal to the lost profits that Vis Vires would have realized had the stock been made available and delivered to Vis Vires in accordance with its Conversion Notices.

**AS AND FOR A THIRD CAUSE OF ACTION**
**BREACH OF CONTRACT – LITIGATION EXPENSES**

28.     Vis Vires repeats and realleges each and every allegation contained in paragraphs 1 through 27 of this Complaint with the same force and effect as if fully set forth at length herein.

29.     That the Notes and Agreements provides that in the event of a dispute and/or litigation between the parties, the prevailing parties shall be entitled to recover all of its litigation expenses including reasonable attorney fees.

30.     That by reason of the foregoing, Vis Vires is entitled to a judgment against Defendant for the reasonable legal fees and litigation expenses paid or incurred in this action.

**AS AND FOR A FOURTH CAUSE OF ACTION FRAUD:
VIOLATIONS OF SECTION 10(b) of the EXCHANGE ACT
[15U.S.C. §78j(b) and Rule 10(b)-5b THEREUNDER [17 C.F.R.§240.10b-5 (b)]**

31.     Vis Vires repeats and realleges each and every allegation contained in paragraphs 1 through 30 of this Complaint with the same force and effect as if fully set forth at length herein.

32.     That through the foregoing conduct, the Defendant, knowingly and recklessly engaged in manipulation and deceptive conduct in connection with a securities transaction in violation of 15U.S.C. §78j(b) and the Rules and regulations promulgated thereunder, by failing to disclose and misrepresenting the true nature of their intentions as set forth above.

33.     That the Defendant further engaged in knowing manipulation and deceptive conduct by directly representing and warranting that the Defendant would honor its obligations pursuant to the Note, and Agreement when in truth and in fact they had no intention to do so.

34.     That in reliance on the foregoing misrepresentations and material omissions by the Defendant, Vis Vires was induced to purchase the Defendant's securities and to make loans to the Defendant as aforesaid.

35.     That as a direct and proximate result of the Defendant's conduct, Vis Vires suffered damages, in an amount to be determined by the Court, for not less than $149,000.

WHEREFORE, Vis Vires demands judgment against Defendants as follows:

(i)      For $298,020 on the First Cause of Action;

(ii)     For an amount of lost profits to be determined by the Court but in no event less than $298,020 on the Second Cause of Action;

(iii)   Awarding Vis Vires its reasonable legal fees and costs of litigation on the Third Cause of Action;

(iv)   For an award of damages to be determined by the Court but no less than $149,000 on the Fourth Cause of Action; and

(v)   Together with the costs and disbursements of this action, interest at the rate of default as set forth in the Note; pre-judgment interest as provided by statute, and such other and further relief as the Court may deem just and proper.

Dated: Great Neck, New York
       June 1, 2016

NAIDICH WURMAN LLP

By: _____
    Richard S. Naidich, Esq. (RSN 4102)
    111 Great Neck Road, Suite 214
    Great Neck, NY 11021
    Telephone: 516-498-2900
    Facsimile: 516-466-3555
    Attorneys for Plaintiff –
    Vis Vires Group, Inc.

# NAIDICH WURMAN LLP
### *Attorneys at Law*

RICHARD S. NAIDICH
KENNETH H. WURMAN

———
JUDAH A. EISNER

111 GREAT NECK ROAD, SUITE 214
GREAT NECK, NEW YORK 11021
TELEPHONE (516) 498-2900
FACSIMILE (516) 466-3555

BERNARD S. FELDMAN
ROBERT P. JOHNSON

———
OF COUNSEL

June 1, 2016

## NOTICE OF DEFAULT

***VIA E-MAIL (JPAKULIS@WISDOMHOMES.US;***
***BLEBRECHT@THELEBRECHTGROUP.COM)***
***& FEDERAL EXPRESS***

Wisdom Homes of America, Inc.
500 North Northeast Loop 323
Tyler, Texas  75708

ATTN:  James Pakulis, CEO

RE:     Vis Vires Group, Inc. with Wisdom Homes of America, Inc.

Dear Mr. Pakulis:

As you know, Vis Vires Group, Inc. (the "Investor") made loans to Wisdom Homes of America, Inc. (the "Company") and the Company executed, among other things one or more Convertible Promissory Note(s) (the "Note(s)"). The Note(s) provide in pertinent part that the Company shall be in default if it fails to maintain the reserve amount, as defined in the Note(s). Each of the Note(s) are past maturity which constitutes an additional event of default.

Based upon the foregoing, the Company is now in default under the Note(s). Demand is hereby made for the immediate payment as provided in the Note(s) a sum representing 200% of the remaining outstanding principal balances, together with Default Interest as provided for in the Note(s) (the "Default Amount"). Your failure to comply with the demand of this letter will result in the investor, exercising all rights under the Note(s). Additionally, should the Default Amount not be paid within 5 business days from the date of this letter, in addition to all the other rights and remedies available to it, the Investor shall in its sole discretion convert the Default Amount into equity as provided for in the Note(s).

Very truly yours,

Bernard S. Feldman,
Of Counsel

BSF:adm
cc: Vis Vires Group, Inc.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK                    Civil Action No.:

VIS VIRES GROUP, INC.,

Plaintiff,

-against-

WISDOM HOMES OF AMERICA, INC.,

Defendants.

---

## SUMMONS AND COMPLAINT

---

**NAIDICH WURMAN LLP**
**ATTORNEYS FOR PLAINTIFF**
**111 GREAT NECK ROAD - SUITE 214**
**GREAT NECK, NEW YORK 11021**
**(516) 498-2900**

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

DATED:  June 1, 2016                    Signature: _____
                                        Print: Richard S. Naidich, Esq.

Service of a copy of the within                    is hereby admitted.
Dated:
                                        _____
                                        Attorney(s) for

PLEASE TAKE NOTICE

NOTICE          that the within is a (certified) true copy of an Order entered
OF ENTRY        in the office of the clerk of the within named Court on            , 20___.

NOTICE OF       that an Order of which the within is a true copy will be presented for
SETTLEMENT      settlement to the Hon.                    , one of the judges of
                within named Court, at                    on          , 20___ at
                a.m.

DATED: Great Neck, New York
        June 1, 2016              NAIDICH WURMAN LLP
                                   Attorneys for Plaintiff
                                   111 Great Neck Road - Suite 214
                                   Great Neck, New York 11021
                                   (516) 498-2900